UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DON M. ANDREW, JR.                                        CIVIL ACTION

VERSUS                                                    NUMBER: 15-2101

ST. TAMMANY PARISH PRISON, ET AL.                         SECTION: "I"(5)

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Don M. Andrew, Jr., against Defendants, the St. Tammany Parish Prison ("STPP"),[1] Deputy Timothy Hooker, and two other unidentified STPP deputies as well as the collective STPP medical staff. (Rec. doc. 5, pp. 1, 3).

Plaintiff is an inmate of the Federal Correctional Institute ("FCI") in Pollock, Louisiana, who is serving a total jail term of 240 months following his guilty plea to conspiracy, arson, wire and mail fraud, and related offenses in the matter entitled *United States v. Andrews*, No. 12-CR-266 "E"(2) on the docket of this Court. During the pendency of that criminal proceeding, Plaintiff was temporarily housed at STPP where the events that he complains of allegedly occurred. Plaintiff states that prior to his transfer from STPP to FCI, he attempted to donate his radio to another inmate until Deputy Hooker interceded and suggested that the radio be given to him. A verbal/physical altercation reportedly ensued in which Hooker and two other deputies subjected Plaintiff to the excessive use of force and thereafter denied him needed medical care. (Rec. doc. 5, pp. 3-5). Plaintiff does not specify the relief he seeks as a result of this occurrence. (*Id.* at p. 5).

---

[1] The Court parenthetically notes that STPP is a building, not a person or an entity that is capable of being sued under 42 U.S.C. §1983. *Wetzel v. St. Tammany Parish Jail*, 610 F.Supp.2d 545, 548-49 (E.D. La. 2009).

After issue was joined, by order dated September 8, 2015 ("Briefing Order"), Plaintiff was directed to file in the record of this proceeding, on or before October 5, 2015, a statement of the facts expected to be proven at trial, a list of documents to be offered as exhibits, and a list of intended witnesses. (Rec. doc. 13). When Plaintiff failed to respond to the Briefing Order as directed, he was ordered to show cause ("Rule to Show Cause"), in writing and on or before November 13, 2015, as to why his lawsuit should not be dismissed for failure to prosecute. (Rec. doc. 14). The copies of the Briefing Order and the Rule to Show Cause that were mailed to Plaintiff at his address of record have not been returned as undeliverable. As of today's date, Plaintiff has not responded to the Rule to Show Cause, nor has he provided the Court with the information required by the Briefing Order.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based on the failure of the Plaintiff to prosecute his case or to comply with an order of the court. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkman v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987); *Lopez v. Aransas County Independent School District*, 570 F.2d 541, 544-45 (5th Cir. 1978). In applying the sanction of dismissal, courts have traditionally considered the extent to which the Plaintiff, rather than his counsel, is responsible for the delay or the failure to comply with the court's orders. *Markwall v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986). As Plaintiff is proceeding *pro se* in this matter, the Court must consider his action/inaction alone in considering dismissal of this case under Rule 41(b).

The Court has endeavored to take those steps that were necessary to place Plaintiff's case in a proper posture to be litigated to its completion. Unfortunately, those efforts have

been hampered by the inaction of Plaintiff in responding to the Court's Briefing Order and the Rule to Show Cause. As Plaintiff is not represented by counsel in this case, these failures are attributable to him alone. Accordingly, it will be recommended that Plaintiff's lawsuit be dismissed for failure to prosecute under Rule 41(b), Fed.R.Civ.P.

### **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b), Fed.R.Civ.P.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[2]

New Orleans, Louisiana, this 20th day of November, 2015.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.